JOSEPH HABER, Appellant, *v.* ALEXANDER ORSZAG, Respondent.

First Department, February 21, 1918.

**Partnership — validity of agreement creating — provision that one partner shall not be liable for debts incurred by the other.**

An adequate and unequivocal written agreement establishing a partnership is not affected by a provision that one of the parties shall not be liable for debts or liabilities incurred by the other in the business.

Said parties having agreed so to associate themselves, it was competent for them to determine how the profits and losses should be apportioned.

APPEAL by the plaintiff, Joseph Haber, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 16th day of October, 1917, dismissing the complaint at the close of plaintiff's case upon the decision of the court after a trial at the New York Special Term.

*Jacob Zelenko* of counsel [*Leon Sanders* with him on the brief; *Leon Sanders*, attorney], for the appellant.

*Joel Krone* of counsel, for the respondent.

DOWLING, J.:

This action was brought for the dissolution of a copartnership between the parties herein and for an accounting of the partnership affairs. The complaint was dismissed upon the erroneous theory that the parties were not copartners. The agreement between them was in writing and constituted them copartners in the business of manufacturing and selling Hungarian playing cards. They repeatedly characterize themselves in the agreement as copartners, and their relation as that of a copartnership. Every clause of the contract demonstrates that it was their intention to form a copartnership, and that intention they effectuated by a proper and adequate written agreement. The fact that they agreed, among other things, that plaintiff herein should not be liable for debts or liabilities incurred by the defendant in the business, did not destroy the character of the association as a partnership. Having agreed so to associate themselves, it was competent for them to determine how the profits and losses should be

First Department, February, 1918.                    [Vol. 181.

apportioned.   The case of *Freeman* v. *Miller* (157 App. Div·
715), relied upon by the court below, has no application to
the case at bar.   In that case there was no written agreement
of copartnership, and this court held that no such agreement
had been proved by which plaintiff therein was to have an
interest in the business or in the profits as such, but merely
a compensation for his services to be measured by the profits.
Here there is a written, unequivocal, explicit agreement of
partnership.

The following findings of fact are reversed as being abso-
lutely without evidence to support them: III, IV and V;
also those numbered I and II are reversed as inadequately
stating the terms of the written agreement.   The conclusions
of law are also reversed.

The judgment appealed from will be reversed and a new
trial ordered, with costs to appellant to abide the event.

SCOTT, LAUGHLIN, SMITH and DAVIS, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant
to abide event.   Order to be settled on notice.